# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ADELANE OLGEIRSON,

      Plaintiff,

                                                  CASE NO. 05-1222-JAR

v.

JANSSEN PHARMACEUTICA INC.,

      Defendant.

## PROTECTIVE ORDER

      **WHEREAS**, Plaintiff Adelane Olgeirson ("Plaintiff") has sought and may further seek the production of documents and information from defendant Janssen Pharmaceutica Inc. ("Defendant");

      **WHEREAS**, such documents contain competitive sales, marketing, or product information, including: (1) descriptions, identifications, changes, and modifications of any sort made to equipment used in the manufacturing process; (2) operations involved in the entire manufacturing process; (3) manufacturing practices and procedures and specific records illustrating same; (4) formulation and specifications relating to the product; and (5) practices, procedures and protocols relating to quality control and quality assurance; other scientific marketing and/or research and development information; and/or corporate financial and/or Duragesic®-specific information which Defendant deems confidential, knowledge of which to the public and specifically to any competitor would cause a severe competitive injury to Defendant who has invested many years in researching, developing, manufacturing, and marketing this product, and currently relies on its expertise in doing so;

      **WHEREAS**, it has been agreed by and among the parties in the above-captioned action through their counsel that such documents include trade secrets which are protected under applicable state and federal law;

      **WHEREAS**, it has been agreed by and among the parties in the above-captioned action, through their counsel, that a Protective Order preserving the confidentiality of certain documents and information should be entered by the Court;

      **WHEREAS**, the Court has reviewed the terms and conditions of the Protective Order submitted and stipulated to by the parties, and has found that the confidentiality provisions of this Protective Order are in the public interest;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1)  **Non-Disclosure of Documents**.  No document or any portion of any document produced by Defendant (to be collectively referred to as "Document" or "Documents" herein), may be disclosed to any person, except as permitted in Paragraphs 2 and 3 below.

Documents produced by Defendant shall be stamped "OLGEIRSON CONFIDENTIAL" to signify they are subject to protection by this Order.  Interrogatory answers, responses to Requests for Admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs, summaries, notes, computer-generated material, computer discs or retrievable data, other means of storage or duplication, and oral statements or communications that quote, summarize, or contain information from the Documents are subject to protection by this Order.

2)  The Documents and/or any portion of any Document deemed confidential may be disclosed to (a) counsel for Plaintiff in the above-styled action who are actively engaged in the conduct of this litigation; (b) the partners, associates, secretaries, paralegals, and employees of such attorneys to the extent reasonably necessary to render professional services in the above-styled action; and (c) Plaintiff.

3)  The Documents and/or any portion of any Document deemed confidential may be disclosed to (a) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and (b) to outside consultants or experts retained by Plaintiff or counsel for the purpose of assisting counsel in the litigation or to testify at trial; provided, however, that any individual to whom disclosure is to be made has signed the Confidentiality Agreement, attached to this Order, containing a statement that the signatory has read and understands this Order, understands that disclosure of Documents constitutes contempt of court and consents to the exercise of personal jurisdiction by this Court.  The original of each signed Confidentiality Agreement shall be filed in the court file under seal and a copy served upon Defendant's counsel, except that a copy of the Confidentiality Agreement signed by a person described in subsection (b) above may be served upon Defendant's counsel when the person is disclosed as a witness.

4)   Before disclosing a Document to any person listed in Paragraph 3(a) or (b) who may also be a competitor of Defendant, or an agent, employee, consultant, or person otherwise affiliated with a competitor of Defendant (collectively referred to as "Competitor"), the procedures in this Paragraph shall be followed to assure that no confidential information is disclosed to any Competitor:  Any counsel who obtains Documents pursuant to Paragraph 2 shall prepare a written statement, to be filed under seal with the Court, identifying the person to whom Documents are to be disclosed.  This statement shall include the following information: name of the person to whom the Documents are to be disclosed, current residence, job title, and employer's name and address for the previous five (5) years.  Counsel for Defendant impose upon the person to whom the Documents are to be disclosed to make the good faith

determination as to whether he or she is a Competitor, as defined herein. If the person determines himself or herself to be a Competitor, neither the Documents nor any contents thereof shall be discussed with or disclosed to such person. If the person determines himself or herself <u>not</u> to be a Competitor, that person and counsel who intends to disclose Documents to that person shall execute both Affidavits A and B and the Confidentiality Agreement (all of which are attached hereto and incorporated herein). Both Affidavits and the Confidentiality Agreement must be executed and filed under seal with the Court prior to disclosure of any Documents and/or the contents thereof. If there is an uncertainty or a dispute as to whether a person is a Competitor, any party may seek a ruling from the Court.

5) Certain documents prepared in compliance with the regulations of the United States Food and Drug Administration contain material that is privileged and confidential under the patient-physician privilege or specific federal regulations governing clinical trials and adverse drug experience reporting. To protect these privileges, all such documents produced by Defendant in response to a discovery request shall have the name and address of the patient and physician redacted as well as all identifying information regarding the reporter, but such redaction shall not be done in such a manner as to redact material data contained upon such reports.

6) **Documents at Depositions**.

(a) A deponent who is not a current employee of Defendant may, during the deposition, be shown and examined about the Documents if the provisions of Paragraph 4 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the Confidentiality Agreement and applicable Affidavit prescribed in Paragraphs 3 and 4.

(b) Parties and deponents may, within (thirty) 30 days after receiving a deposition transcript, designate pages of the transcript, and exhibits thereto which pertain specifically to the discussion and/or disclosure of the subject Documents, as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and stamping such pages: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Order. Parties and deponents, through their respective counsel, shall notify in writing all opposing counsel of the pages and exhibits which they have designated confidential information. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential. If a timely designation is made, the stamped pages and exhibits shall be treated like a Confidential Document under this Order. If there is uncertainty or a dispute as to whether the pages and/or exhibits have been properly designated as confidential information, any party may seek a ruling from the Court.

7) **Filing**. Confidential Documents need not be filed with the Court except when

required in connection with motions or other matters pending before the Court.  If filed, in the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

8) **Documents used for Dispositive Motions and at Trial**.  The Documents and other confidential information may be offered in evidence as records attached to dispositive motions, at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days advance notice to counsel for Defendant which may move the Court for an order that the evidence be received in camera or under other conditions to remain under seal and prevent unnecessary disclosure consistent with the standards under Kansas law.  The Court will then determine whether the proffered evidence should continue to be sealed and treated as confidential trade secret information, and, if so, what protection, if any, may be afforded to such Document or information when attached to a motion or used at the trial.

9) **Declassification**.  Plaintiff may request from the Court a ruling that a Document is not entitled to continued protection under this Order.

10) **Subpoena by Other Courts or Agencies**.  If another court or an administrative agency subpoenas or orders production of the Documents which Plaintiff has obtained under the terms of this Order, Plaintiff shall promptly notify Defendant's counsel of the pendency of such subpoena or order.

11) **Client Consultation**.  Nothing in this Order shall prevent or otherwise restrict counsel for Plaintiff from rendering advice to, or consulting with, their clients.  However, Plaintiff and Plaintiff's counsel are bound by the terms of this Order and shall not disclose the Documents.

12) **Use**.  The Documents and information from them shall be used only for preparation and trial of the above-styled action, including appeals and retrials, and shall not be used for any other purpose.

13) **Non-Termination**.  The provisions of this Order shall not terminate at the conclusion of these actions.  Within thirty (30) days after final conclusion of all aspects of this litigation, the Documents and all copies of them (other than exhibits of record) shall be returned

---

[1] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

to counsel for Defendant, or at Defendant's option, destroyed. Notes, summaries, memos, computer data bases, and other information compilations from the Documents shall be destroyed. Plaintiff and Plaintiff's counsel shall make certification of compliance herewith and shall deliver the same to counsel for Defendants not more than forty-five (45) days after final termination of this litigation.

Dated this 2nd day of December, 2005, at Topeka, Kansas.

>                     s/ K. Gary Sebelius
>                     K. Gary Sebelius
>                     U.S. Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ADELANE OLGEIRSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 05-1222-JTM |
| v. | ) | |
| | ) | Judge Julie A. Robinson |
| JANSSEN PHARMACEUTICA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the Stipulation and Protective Order governing the use of documents produced by Defendant Janssen Pharmaceutica, Inc. (collectively referred to as "Documents"), and information derived from said Documents, hereby agrees to be bound by the terms thereof, understands that any disclosure of the Documents or information derived from them constitutes contempt of court, and agrees to the exercise of personal jurisdiction by this Court to enforce the Order.

Dated this ____ day of _____, 200__.    ___ Signature
SWORN TO AND SUBSCRIBED before me this ____ day of _____, 200__ by _____ (name). He/She [please check as applicable] /_____/ is personally known to me, or has produced /_____/ his/her _____(state) driver's license, or /_____/ his/her _____ (type of identification) as identification, and did not take an oath.

(Signature)

6

                                      Printed Name
(NOTARIAL SEAL)                     NOTARY PUBLIC, STATE OF

                                      (Commission Expiration Date)

                                        (Serial Number, If Any)

STATE OF__)   ) COUNTY OF__)      RE:  DURAGESIC® LITIGATION
                                                  AFFIDAVIT OF SS:   Consultant/Expert/Witness
                                                  (Affidavit "A")

      I, _____, being first duly sworn according to law, being over eighteen (18) years of age, and being in all respects competent to execute this Affidavit, hereby depose and state as follows:

      1.      I have been requested to review confidential/proprietary and other documents regarding a lawsuit currently pending against Janssen Pharmaceutica Inc. involving the product known as Duragesic® (transdermal fentanyl system).

      2.      I am executing this Affidavit under oath.

      3.      At the time of the execution of this Affidavit, I do not have possession or control of any documents subject to any protective order produced in any lawsuit involving Duragesic®.

      4.      Pursuant to Paragraph 4 of the Stipulation and Protective Order entered in the case entitled *Adelane Olgeirson v. Janssen Pharmaceutica Inc.*, now pending in the United States District Court for the District of Kansas, I hereby state that, to the best of my knowledge and belief, I am not presently engaged as a Competitor of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of Janssen Pharmaceutica Inc. with respect to any transdermal and/or anesthesia products and/or technologies of Janssen Pharmaceutica Inc.

      4.      FURTHER, AFFIANT SAITH NAUGHT.

7

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 200__ by _____ (name).  He/She [please check as applicable] /_____/ is personally known to me, or has produced /_____/ his/her _____(state) driver's license, or /_____/ his/her _____ (type of identification) as identification, and did not take an oath.

(Signature)

Printed Name

(NOTARIAL SEAL)   NOTARY PUBLIC, STATE OF

(Commission Expiration Date)

(Serial Number, If Any)

STATE OF __)   ) COUNTY OF __)   RE:  DURAGESIC® LITIGATION
AFFIDAVIT OF SS:  Counsel  (Affidavit "B")

I, _____, being first duly sworn according to law, being over eighteen (18) years of age, and being in all respects competent to execute this Affidavit, hereby depose and state as follows:

1.   I am counsel of record for _____ in a lawsuit currently pending against Janssen Pharmaceutica Inc., and/or any other persons, firms, corporations or entities, involving the product known as Duragesic® (transdermal fentanyl system).

2.   I am executing this Affidavit under oath.

3.   Pursuant to Paragraph 4 of the Stipulation and Protective Order entered in the case entitled *Adelane Olgeirson v. Janssen Pharmaceutica Inc.,* now pending in the United States District Court for the District of Kansas, I have personally determined, after reasonable inquiry and consultation with _____, that he/she is not presently engaged as a Competitor of and/or an agent, employee, consultant or person otherwise actively affiliated with a Competitor of Janssen Pharmaceutica Inc. with respect to any transdermal and/or anesthesia products and/or technologies of

8

Janssen Pharmaceutica Inc.

    4.        FURTHER, AFFIANT SAITH NAUGHT.

    SWORN TO AND SUBSCRIBED before me this ____ day of _____, 200__ by _____ (name).  He/She [please check as applicable] /_____/ is personally known to me, or has produced /_____/ his/her _____(state) driver's license, or /_____/ his/her _____ (type of identification) as identification, and did not take an oath.

    (Signature)

    Printed Name

(NOTARIAL SEAL)    NOTARY PUBLIC, STATE OF

    (Commission Expiration Date)